GORMAN, REMOVAL OF, IN RE: PAINESVILLE (CITY) ET, APPELLANTS, v. GORMAN, APPELLEE.

Ohio Appeals, Seventh District, Lake County.

No. 652.   Decided May 25, 1961.

Mr. *Wayne R. Milburn*, for appellants.
*Messrs. Donaldson & Colgrove*, for appellee.

158

GRIFFITH, J. Thomas Gorman was a member of the Fire Department of the City of Painesville. On March 24, 1959, the Chief of the Department dismissed him for his failure to report for duty. For a number of years theretofore, he had been retired from active duty and placed on the pension rolls because of physical disability. The trustees of the Firemen's Relief and Pension Fund removed him from the pension rolls as of December 1, 1958, because a physical examination revealed that he was capable of active duty.

By letter dated December 10, 1958, the Fire Chief ordered him to return to regular duty immediately as a member of the Department and also requested him to report for instructions as to uniform requirements and as to the shift upon which he would work. The evidence reveals that the letter dated December 10, 1958, was received by Gorman on December 16, 1958, at the Lake County Memorial Hospital where he was confined having undergone an inguinal hernia operation.

The Chief of the Department was notified of Gorman's confinement in the hospital and was advised by letter from Dr. Morris G. Carmody that Gorman was unable to resume his duties because of the operation.

On March 23, 1959, Gorman reported to the Chief that he would be ready to start work on April 1, 1959. On March 26, 1959, the Fire Chief, by letter, advised Gorman that he was removed from the Department. The Fire Chief's order of removal was submitted to the then City Manager of Painesville, and a hearing was held before him relative to the sufficiency of the cause in the order of removal, to-wit:

"That Thomas J. Gorman, the appellant herein, had wilfully failed to report for duty."

On April 23, 1959, Gorman received a letter from the City Manager to the effect that he was dismissed from the Fire Department for the reasons given by the Chief.

On April 30, 1959, Gorman filed Notice of Appeal with the Civil Service Commission of the City of Painesville together with an answer to the charges. Hearing was had on May 19, 1959; a transcript of the record of the hearing before the City Manager was submitted to the Commission. The Commission sustained the order of removal on July 14, 1959.

The matter was appealed to the Court of Common Pleas, and the only evidence before that Court was the record of the proceedings in the hearing before the City Manager, together with the exhibits and order of removal.

On October 24, 1960, the Court of Common Pleas disaffirmed in toto the ruling of the Painesville Civil Service Commission and ordered Gorman reinstated. From this order of the Common Pleas Court, appeal was taken to this court on questions of law.

This proceeding was had pursuant to Section 143.27, Revised Code, and, while the journal in the Common Pleas Court indicates that that court heard it de novo, we believe that the matter was before the Court of Common Pleas on appeal on questions of law only.

In the case of *Sorge, Appellee*, v. *Sutton et al., Appellants*, 159 Ohio St., 574, the syllabus reads as follows:—

"The word, 'appeal,' has no conclusive meaning, and where by statute there is given a right of 'appeal' to a designated court from an order or decision of an administrative agency, it is necessary to examine the context of the statute to determine the powers and functions of such court on the appeal.

"Under Section 487-17a, General Code, the 'appeal' from a decision of a municipal civil service commission to the Court of Common Pleas, 'to determine the sufficiency of the cause of removal,' accorded members of police and fire departments in the classified civil service contemplates only a review of the proceedings before the commission as to their legality and regularity and to determine the sufficiency of the cause of removal, and not a trial de novo."

After a careful reading of the record of proceedings taken before the City Manager and presented to the Court of Common Pleas, we believe that court had ample evidence in support of its conclusion:—

"That Mr. Gorman was removed from his position when he was temporarily disabled by reason of sickness and that, therefore, this removal was illegal."

There is evidence that Gorman was disabled from December 10, 1958, until March 23, 1959, and possibly a little longer, as Dr. Carmody's testimony indicates. The only evidence before

the Common Pleas Court with respect to Gorman's physical condition was that of Mr. Gorman himself, Dr. Carmody's testimony, and the hospital exhibits.

Gorman claimed that he reported to the Chief on March twenty-third and gave him a week's notice. The Chief wanted him to go to work on March twenty-fourth. If Gorman was disabled and unable to work, the Chief was in error in removing him because he failed to report for duty. If, on the other hand, he was able to work and wilfully refused to work, the Chief was within his rights in the order made.

The Common Pleas Court disaffirmed the ruling of the Civil Service Commission and reinstated Gorman. This reviewing court will accept the determination of the Common Pleas Court unless it is so manifestly against the weight of the evidence as to shock the conscience to permit it to stand.

The trial court very positively disaffirmed in toto the ruling of the Civil Service Commission, and we are constrained to accept the trial court's finding and, therefore, affirm the judgment.

On the question of the weight of the evidence, this court can reverse the judgment below only when the judgment is so manifestly contrary to the mature and reasonable inference to be drawn from the evidence as to produce a result in complete violation of substantial justice.

We believe that substantial justice has been done in the ruling of the Common Pleas Court. Judgment affirmed.

BROWN, P. J., DONAHUE, J., concur.